

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joseph A. Beyer
County Attorney
Crane County
Crane, Texas

Dear Sir:

Opinion No. O-1895
Re: Whether a commissioners'
court may hire a county
commissioner who lives in
town as a foreman or super-
visor of the construction
of a park and playgrounds,
and allow him extra compen-
sation for his services so
rendered

Your request for an opinion on the above question has been received and considered by this department. We quote as follows the applicable portion of your letter of request:

"Crane County has recently voted bonds for the construction of a county park and playgrounds. The Commissioners' Court has decided to have the park and playgrounds built by local labor instead of having it built by a contractor through a low bid. Three of the county commissioners are ranchers and live several miles out in the country. The other commissioner lives in the city of Crane. The three commissioners who live in the country want the commissioner who lives in town to have charge of the construction of the park and play-

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Joseph A. Beyer, page 2

grounds and supervise same. The park and playgrounds are to be built only a few miles from the city of Crane. The Crane County Commissioners under the law are limited to a salary as commissioners of $1400.00 per year or about $116.00 per month. The commissioner who lives in Crane and the one whom the other three commissioners want to supervise the park construction feel like that if he is to assume this extra responsibility he should be allowed some extra compensation for this work.

"The question that they want answered by your department under such circumstances is whether or not the court can hire or allow this commissioner in town some extra compensation as supervisor or foreman of the construction of this park and playgrounds."

Article 2350, Revised Civil Statutes, provides that:

"In counties having the following assessed valuations, respectively, as shown by the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners Court, for county purposes, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, . . . . ." (Underscoring ours)

Crane County comes within the scope of the first bracket of tax evaluations specified and listed in the preceding provisions of Article 2350, Revised Civil Statutes, supra; namely, the following classification:

Assessed Valuations

$6,000,001 and less than $10,000,000 not to exceed.........$1400.00

Article 2340, Revised Civil Statutes, provides:

"Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides, except such warrants as may issue to him as fees of office. . . ." (Underscoring ours)

Thus, it is seen that a county commissioner is prohibited, under oath, from being directly or indirectly interested in any claim against the county which he serves, save and except bhose warrants as may issue to him as fees of office. All other claims have been held to be contra to law and public policy and thus void, even though the claimant's intentions were good and the services rendered beneficial. See Knippa vs. Stewart Iron Works, 66 S. W. 322; Cornutt vs. Clay County, 75 S. W. (2d) 299.

Therefore, we conclude, and you are respectfully advised that the commissioner in question could not claim or be awarded any extra compensation arising from his auxiliary services rendered as foreman or supervisor over the construction of the park.

For your information we enclose an official copy of an opinion of this department dated December 6, 1935, addressed to the Honorable D. E. Colp, Chairman Texas State Parks Board, Austin, Texas, written by the Honorable Scott Gaines, First Assistant Attorney General, recorded on page 772 of Letter Opinion Book No. 368. This might be of some aid to you.

Trusting that the above satisfactorily answers your inquiry, we remain,

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

By _Grundy Williams_
Grundy Williams

APPROVED FEB 20, 1940

GW:LWA

APPROVED
OPINION
COMMITTEE